# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**DOROTHY STRIPLING,**

    **Plaintiff,**

**v.**           No. SA-20-CV-00174-JKP

**FREEDOM MORTGAGE CORP.**

    **Defendant.**

## ORDER

On this date, the Court considered Defendant Freedom Mortgage Corporation's ("Freedom Mortgage") Motion to Dismiss for Failure to State a Claim. ECF No. 2. Plaintiff Dorothy Stripling did not respond. Upon consideration, the Court concludes Freedom Mortgage's motion has merit and shall be GRANTED.

## STANDARD

Upon motion by a party, a case must be dismissed when the allegations asserted in the Complaint "fail[] to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985) (citations omitted). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Dismissal pursuant to Rule 12(b)(6) is appropriate when it appears no relief can be granted under any set

of facts that could be proven consistent with the allegations. *See Heitschmidt v. City of Houston*, 161 F.3d 834 (5th Cir. 1998); *Korte v. Allstate Ins. Co.*, 48 F. Supp. 2d 647, 650 (E.D. Tex. 1999).

Thus, to survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual assertions that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* After review of the well-pleaded facts, if a court can infer no more than the mere possibility of misconduct, the pleader fails to show its entitlement to relief. *Id.* at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)).

While this standard does not require the complainant to make detailed factual allegations, it does demand more than a complainant's bare assertions or legal conclusions. *Id.* at 678. Hence, formulaic recitations of the elements of a cause of action supported by mere conclusory statements do not satisfy Rule 8. *Id.* If the pleader fails to assert more than mere conclusory allegations or legal conclusions and produces no facts upon which a plausible cause of action might lie, the pleader is not entitled to the assumption of truth. *Id*. at 678-679; *Twombly, 550 U.S.* at 563 n.8.

## DISCUSSION

On February 3, 2020, Stripling filed a Petition Application for Temporary Restraining Order and Application for Injunction in Texas state court. The state court granted Stripling's Motion for Temporary Restraining Order on February 4, 2020, and set a hearing on her Application for Injunction for February 13, 2020. This cause was removed to this Court on February 12, 2020.

In her state-court Petition, Stripling admits she borrowed funds from Freedom Mortgage for the purchase of a residence, and "[t]he property is encumbered by a note and deed of trust payable to [Freedom Mortgage]." ECF No. 1 at Exhibit B. Stripling then alleges only that Freedom Mortgage breached its contractual obligations by wrongfully accelerating the note under the terms of the deed of trust, failing to maintain an accurate record of payments, and failing to inform her as to the amount alleged to be in arrears. Stripling seeks injunctive relief preventing Freedom Mortgage from foreclosing on the property. *Id*. at p. 6.

Stripling's state-court Petition fails to include any facts to support conclusory assertions of wrongdoing. While the allegations of wrongdoing might be conceivable, Stripling fails to include any factual substance that, if accepted as true, would state a claim that is plausible on its face. *See Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. Because Stripling's state-court petition asserts no more than conclusory allegations of wrongdoing, it contains no factual assertions entitled to the assumption of truth. *See Ashcroft*, 556 U.S. at 679. Based on the mere conclusory allegations of wrongdoing without factual support, this Court cannot draw any reasonable inference that Freedom Mortgage is liable for the misconduct alleged nor can it infer any more than the mere possibility of misconduct. Consequently, Stripling fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See id*. at 678-679.

To the extent Stripling attempts to assert a cause of action of attempted wrongful foreclosure, Texas does not recognize such a cause. *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 447 (5th Cir. 2013). Therefore, this implied cause would fail as a matter of law.

Stripling failed to amend her complaint or otherwise respond to Freedom Mortgage's Motion to Dismiss filed on February 18, 2020.

For these reasons, this Court concludes Freedom Mortgage's Motion to Dismiss for Failure to State a Claim must be GRANTED.

It is so ORDERED.
SIGNED this 9th day of April, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE